**In re R. Werner DEPELLEGRINI, Debtor.**

**No. 06–14195.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

April 26, 2007.

Harry B. Zornow, Hamilton, OH, for Debtor.

Neal J. Weill, Cincinnati, OH, for U.S. Trustee.

### ORDER GRANTING MOTION TO DISMISS UNDER 11 U.S.C. § 707(b)(3)

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court on the United States Trustee's ("UST") motion to dismiss pursuant to 11 U.S.C. § 707(b)(3) (Doc. 26), the Debtor's response (Doc. 29), the UST's pre-hearing statement and supplemental memorandum (Doc. 37, 40), and the Debtor's supplemental response (Doc. 38). Also before the Court is the Debtor's motion to dismiss the UST's motion for untimeliness (Doc. 28) and the UST's response (Doc. 33). A hearing was held on April 12, 2007.

The Debtor contends that the UST's motion was not timely filed. Specifically, the Debtor contends that pursuant to his interpretation of § 704(b)(2), *all* motions to dismiss filed under § 707(b), including motions to dismiss under 707(b)(3), must be filed within 30 days after the filing of the UST's § 704(b)(1) statement as to whether or not there is a presumption of abuse. We disagree. Where a presumption of abuse arises, a motion to dismiss under § 707(b)(2) must be filed within 30 days after the filing of the § 704(b)(1) statement. However, where there is no presumption of abuse, a motion to dismiss under § 707(b)(3) must be filed within 60 days after the date first set for the § 341 meeting of creditors. *See* Bankruptcy Rule 1017(e); *In re Singletary*, 354 B.R. 455, 465 (Bankr.S.D.Tex.2006)(Rule 1017 controls time for filing § 707(b)(1) or (3) motion; new § 704(b) controls time for filing § 707(b)(2) motion).

In the case before us, the § 341 meeting was set for January 9, 2006 and the instant

motion was filed on March 2, 2006. Thus, the motion was timely filed.

■ We now address the substance of the UST's motion to dismiss.

The Debtor, age 44, is employed at a body shop owned by his father. He has worked there since high school. He testified that he would "be the last one to be fired" if the business were to fail.

The Debtor's Schedules I and J show monthly income and expenses of $3,627.47. Schedule J shows a monthly mortgage payment of $1,602 and a monthly utility payment of $360. Schedule J does not include a second mortgage payment; the Debtor testified at the hearing that he has not paid the second mortgage for the last six months because he cannot afford to do so. Thus, we note that foreclosure is inevitable.[1] By the UST's calculations, if the Court accepted the IRS guidelines to be a reasonable amount for housing, the Debtor could pay 80% of his unsecured debt. If the Court accepted 150% of the IRS guidelines to be a reasonable amount for housing, the Debtor could still pay 40% of his unsecured debt.

The Debtor's tax refund for 2006 was $4,314. By the UST's calculations, if the Debtor were to adjust his withholding, he could pay 25% of his unsecured debt over a 60 month period.[2]

The Debtor's unsecured debts total $59,879. Virtually all of this debt is credit card debt incurred in the 12 month period prior to the petition filing date.

Prior to the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), there was only one type of motion to dismiss under § 707(b), that being a motion to dismiss for "substantial abuse" based on the "totality of the circumstances." *In re Mestemaker*, 359 B.R. 849, 2007 WL 79306 (Bankr.N.D.Ohio Jan.10, 2007). Under BAPCPA, there are two types of motions to dismiss. Where a presumption of abuse arises, a motion may be filed under § 707(b)(2). Where the presumption of abuse does not arise, a motion to dismiss for abuse may be filed under § 707(b)(3). The latter type of motion was filed in this case. Section 707(b)(3) expressly states that a court "shall consider—(A) whether the debtor filed the petition in bad faith; or (B) the totality of the circumstances ... of the debtor's financial situation demonstrates abuse." Given the use of the conjunction "or," a showing of bad faith is not necessary for the UST to prevail under § 707(b)(3).

■ Congress has lowered the standard from requiring a showing of "substantial abuse" to a showing of "abuse." *See In re Mestemaker.* Nevertheless, the pre-BAPCPA cases are still be instructive, such as *In re Behlke*, 358 F.3d 429 (6th Cir.2004), wherein the Sixth Circuit found substantial abuse where the debtor could pay 14 to 23% of his unsecured debt under a hypothetical 3 to 5 year Chapter 13 plan. Further, we accept the Debtor's argument that an ability to pay does not necessarily result in a dismissal if there are other factors weighing against dismissal. This concept was expressed in *In re Behlke* and is embodied in the "totality of the circumstances" test of BAPCPA's § 707(b)(3).

The UST's calculations show that the Debtor has the ability to pay a meaningful percentage of his debts. The fact that the Debtor's job and income are stable supports the finding that the Debtor has the ability to pay his debts. *In re Krohn*, 886

---

1. We note that a determination of a debtor's ability to pay is to be made at the time of the hearing. *In re Pennington*, 348 B.R. 647, 650–51 (Bankr.D.Del.2006).

2. The Debtor has an above-median income, suggesting a 60 month plan in a Chapter 13 case.

F.2d 123, 126 (6th Cir.1989)(factor to be considered under pre-BAPCPA § 707(b) analysis is stable source of future income).

 The Debtor's contention that he "passed" the means test of § 707(b)(2) is not a defense to a § 707(b)(3) motion to dismiss. *See In re Mestemaker* (means test is not sole test to decide existence of abuse based on ability to repay). The Debtor's explanation of other factors, i.e., "how he got here," is unpersuasive. When explaining the $59,000 of credit card debt incurred in 2006, the Debtor explained he was trying to give his two adult sons the same lifestyle they had before the Debtor's divorce in 2002.[3] We find that the explanation is not a factor weighing against dismissal as contemplated by the Sixth Circuit in *In re Behlke*.

Accordingly, we the UST's motion to dismiss is hereby GRANTED.

IT IS SO ORDERED.

---

**3.** At the time of filing, the Debtor listed one son, age 20, in his petition. At the time of the hearing, the Debtor referenced another son, age 24.