**In re Jeffery Paul BYRNE, Debtor.**

**No. 5:07–BK–70507.**

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Sept. 24, 2007.

David G. Nixon, Nixon Law Firm, Fayetteville, AR, for Debtor.

Jacoway Law Firm, Ltd., Fayetteville, AR, pro se.

Jim Hollis, Little Rock, AR, for U.S. Trustee.

### ORDER

BEN T. BARRY, Bankruptcy Judge.

Before the Court is the United States Trustee's motion to dismiss the above captioned case pursuant to 11 U.S.C. § 707(b)(3), GE Money Bank's response, and the debtor's response. The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The Court set the United States Trustee's motion to dismiss for hearing on July 24, 2007, at which time the parties requested the Court bifurcate the issues presented and hear legal argument relating only to the timeliness of the filing of the United States Trustee's motion to dismiss. The Court agreed and at the conclusion of argument, the Court took the matter under advisement and invited all parties to submit briefs outlining their respective positions. No party accepted the Court's invitation to brief the issue. For the reasons stated below, the Court finds that the United States Trustee's motion to dismiss pursuant to § 707(b)(3) was timely filed and § 704(b)(1) is not applicable in this instance.

The sole issue before the Court can be narrowly stated as whether the United States Trustee [UST] is required to file a statement within 10 days of the first meeting of creditors stating whether the case is presumed to be an abuse under § 707(b), as required under § 704(b)(1), prior to filing a motion to dismiss the case under § 707(b)(3). To better understand the following discussion, a review of the Court's docket and relevant pleadings is instructive.

* On February 22, 2007, the debtor, Jeffery Paul Byrne, filed a voluntary chapter 7 petition.

* The first meeting of creditors was scheduled and held on March 19, 2007.

* On March 29, 2007, the UST filed a statement with the Court that stated, Having reviewed the documents, if any, provided by the debtor and any additional documents provided to the United States Trustee, the United States Trustee is currently unable to determine whether the debtor's case would be presumed to be an abuse under Section 707(b) of the Bankruptcy Code.

* On April 27, 2007, the UST filed a United States Trustee's Motion to Dismiss For Bad Faith and Abuse Pursuant to 11 U.S.C. § 707(b)(3)(A) and (B).
* On May 8, 2007, creditor GE Money Bank filed its Objection of GE Money Bank to United States Trustee's Motion to Dismiss.
* On June 13, 2007, the debtor filed his Debtor's Response to United States Trustee's Motion to Dismiss For Bad Faith and Abuse Pursuant to 11 U.S.C. § 707(b)(3)(A) and (B).
* Finally, on July 9, 2007, the UST filed a statement with the Court that stated,

The United States Trustee previously filed a statement under section 704(b)(1)(A) of the Bankruptcy Code indicating an inability to determine whether this case would be presumed to be an abuse. The United States Trustee has reviewed all materials filed and submitted by the Debtor, including certain additional documents received after the filing of the United States Trustee's initial statement under section 704(b)(1)(A). Based on this review, the United States Trustee has determined that the Debtor's case is NOT presumed to be an abuse under section 707(b)(2).

Even though the UST filed a statement on March 29 stating that she could not determine if the case would be presumed to be an abuse, the creditor argues that the code provision that requires the statement to be filed— § 704(b)—requires a statement that the case either is or is not an abuse, not that the UST cannot make the determination. In the absence of such statement, according to the debtor and the objecting creditor, the UST's motion to dismiss that was filed on April 27 was not timely. The UST argues that the state-

ment required under § 704(b)(1) is only applicable if there is a presumption of abuse under § 707(b)(2). In this instance, because the UST filed her motion to dismiss under § 707(b)(3), she believes that the statement under § 704(b)(1) is not required prior to filing a motion to dismiss under § 707(b)(3).

There are two statutory provisions that are relevant in this matter. First, § 707(b)(1) relates to a court's ability to dismiss or convert a chapter 7 case if it finds that the granting of relief would be an abuse of the provisions of chapter 7. 11 U.S.C. § 707(b)(1). In considering whether the granting of relief would be an abuse under (b)(1), according to § 707(b)(2) the court shall *presume* abuse exists "if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of—(I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or (II) $10,000." 11 U.S.C. § 707(b)(2)(A)(i). In a case in which a presumption of abuse does not exist under § 707(b)(2), or is rebutted (presumably either after a hearing or more information is provided by the debtor), the court "shall consider—(A) whether the debtor filed the petition in bad faith; or (B) the totality of the circumstances … of the debtor's financial situation demonstrates abuse." 11 U.S.C. § 707(b)(3). In other words, there are three types of motions to dismiss under § 707(b)(1): one based on a presumption of abuse under § 707(b)(2), one based on a petition filed in bad faith under § 707(b)(3)(A), and one in which a totality of the circumstances surrounding a debtor's financial situation indicates abuse under § 707(b)(3)(B).

Second, § 704(b)(1) requires the UST to review the materials filed by the debtor and, not later than 10 days after

the date of the first meeting of creditors, file a statement "as to whether the debtor's case would be presumed to be an abuse under section 707(b)." 11 U.S.C. § 704(b)(1). If there is a presumption of abuse, then not later than 30 days after filing the statement required under (b)(1), the UST must either file a motion to dismiss or convert the case under § 707(b), or file a statement setting forth the reasons the UST does not consider such a motion to be appropriate. 11 U.S.C. § 704(b)(2). Although the reference in § 704(b)(2) refers generally to a motion to dismiss under § 707(b), § 704(b)(2) refers specifically to the statement required under (b)(1), which is a definitive statement as to whether the debtor's case would be *presumed* to be an abuse. Because a presumption of abuse only arises under § 707(b)(2), the requirement that the UST file a motion to dismiss within 30 days of filing the statement required by § 704(b)(1) can only be applicable to a motion to dismiss or convert a case that has been determined to be an abuse under § 707(b)(2). If the presumption does not arise or is rebutted, the UST or other interested party would have 60 days after the first date set for the meeting of creditors within which to bring a motion to dismiss under § 707(b)(3), in accordance with Federal Rule of Bankruptcy Procedure 1017(e)(1).

■ The § 704(b)(1) statement is a prerequisite for the UST to file a motion to dismiss or convert under § 707(b)(2) based on a presumption of abuse. In the absence of a timely filed statement under § 704(b)(1), the UST is precluded from filing a motion to dismiss based on a *presumption* of abuse, i.e., a § 707(b)(2) motion. *See In re Robertson*, 370 B.R. 804, 810–11 (Bankr.D.Minn. July 3, 2007)(finding that the UST is mandated to state affirmatively within 10 days of the first meeting of creditors whether the debtor's case is presumed to be an abuse if the UST wishes to file a motion to dismiss under § 707(b)(2), not merely state that the UST is unable to make such a determination).[1] The harder question is the issue before the Court: if the UST fails to timely file a definitive § 704(b)(1) statement, is she likewise precluded from filing a motion to dismiss based on § 707(b)(3) for bad faith or a totality of the circumstances surrounding a debtor's financial situation that indicates abuse.

Section 707(b)(3) provides that in a case in which the presumption of abuse does not arise or is rebutted, the court shall consider whether the debtor filed his petition in bad faith or whether the circumstances surrounding the debtor's financial situation demonstrates abuse. 11 U.S.C. § 707(b)(3). To proceed under this section, it appears that a threshold determination must be made as to whether a presumption of abuse arises. As discussed above, one way for this determination to be made is by the UST filing the statement required under § 704(b)(1). However, that is not the only way the determination can be made. A chapter 7 debtor is required to file a statement of current monthly income, often referred to as the means test.[2] The Official Form, Form

---

**1.** Although the UST may be precluded from filing a motion to dismiss under § 707(b)(2), the UST's failure to file the required statement may not prevent the chapter 7 trustee or a party in interest from filing a similar motion if the debtor's income is above the median family income for the state in which the debtor lives. *See* 11 U.S.C. § 707(b)(7)(A).

**2.** The rules state that,

[u]nless § 707(b)(2)(D) applies, an individual debtor in a chapter 7 case with primarily consumer debts shall file a statement of current monthly income prepared as prescribed by the appropriate Official Form, and, if the debtor has current monthly income greater than the applicable median

B22A, includes eight parts, the apparent purposes of which are to determine whether a presumption does or does not arise in the debtor's case. In the case before the Court, the debtor filed his Chapter 7 Statement of Current Monthly Income and Means Test Calculation on February 22, 2007. Because the debtor is an "above median family income debtor," he was required to complete Part V of the means test to determine the deductions allowed him under § 707(b). Based on the deductions allowed and his current monthly income (as determined by Part IV), the debtor, as directed under Part VI, checked the box on page one of the means test stating that a presumption did not arise. Based on this disclosure and the fact that the debtor is an above median income debtor, the court, the UST, the trustee, or any party in interest could file a motion to dismiss under § 707(b)(3) because, according to the debtor, a presumption of abuse did not arise.

 Simply stated, the ten day statement under § 704(b)(1) is superfluous to a filing under § 707(b)(3) if a determination has otherwise been made that a presumption of abuse does not arise. If the presumption does not arise, then there is no basis for dismissal under § 707(b)(2). But the code permits the UST to seek dismissal in the alternative under § 707(b)(3) for reasons other than a presumed abuse. Even though the UST failed to file a definitive statement as required under § 704(b)(1), the Court finds that she still has the right to proceed under § 707(b)(3) based on the debtor's representation that a presumption does not arise in this case.

Accordingly, the debtor's objection to the UST's motion to dismiss based on a

family income for the applicable state and household size, the calculations in accordance with § 707(b), prepared as prescribed by the appropriate Official Form.

failure of the UST to file a definitive § 704(b)(1) statement is overruled. The first date set for the meeting of creditors in this case was March 19, 2007. According to Federal Rule of Bankruptcy Procedure 1017(e)(1), a motion to dismiss a case for abuse may be filed only within 60 days of the first date set for the meeting of creditors. Because the UST filed her motion to dismiss under § 707(b)(3) on April 27, 2007, the Court finds that it was timely filed and may proceed. The motion will be set for hearing by subsequent notice by the Court.

IT IS SO ORDERED.

Fed. R. Bankr.P. 1007(b)(4) (Interim).