**In re Azber Azher ANSAR, Debtor.**

**Bankruptcy No. 07–31999.**

United States Bankruptcy Court,
D. Minnesota.

March 5, 2008.

Craig W. Andresen, Craig W. Andresen Law Office, Bloomington, MN, for Debtor.

## ORDER DENYING MOTION FOR § 707(b) DISMISSAL

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court on motion by the United States Trustee for dismissal pursuant to 11 U.S.C. § 707(b). Michael E. Ridgway appeared on behalf of the United States Trustee, and Craig W. Andresen appeared on behalf of the debtor. At the conclusion of the hearing on the motion, the Court allowed the parties time to submit supplemental briefs and thereafter took the matter under advisement. Being now fully advised, the Court makes the following order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I. BACKGROUND

The debtor, Azber Azher Ansar, filed his petition for relief under Chapter 7 on May 31, 2007, as an individual with primarily consumer debts. As part of the schedules required, Ansar filed the Means Test Form and concluded that the presumption of abuse did not arise.

On July 10, 2007, the United States Trustee sent a letter to Ansar's counsel requesting additional information regarding income and expense calculations as shown on Ansar's schedules and the Means Test Form. Prior to obtaining a response, the UST filed a "10–Day Statement" pursuant to § 704(b)(1)(A) on July 12, 2007, within ten days of the § 341(a) meeting of creditors.

The statement provided: "The United States Trustee has determined that the debtor has not filed nor transmitted all of the required means testing documents and that without these documents, the United States Trustee cannot make a determination as to whether debtor's case is presumed abusive under section 707(b)." Ansar subsequently provided the requested documentation.

On August 13, 2007, the UST filed a motion to dismiss pursuant to § 707(b)(1) based on the presumption of abuse under § 707(b)(2), or alternatively, under § 707(b)(3) by totality of circumstances. Ansar responded with three contentions: 1) that the use of the national and local standards in the means test provisions of § 707(b)(2) constitutes an unconstitutional delegation of legislative authority; 2) that the means test provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 violate the Uniformity Clause of the U.S. Constitution; and 3) that the UST's motion is precluded due to untimeliness. At the conclusion of the hearing on October 24, 2007, the Court allowed time to both parties to brief these issues.

### II. DISCUSSION

Section 704(b) provides, in relevant part:

(b)(1) With respect to a debtor who is an individual in a case under this chapter—

(A) the United States trustee (or the bankruptcy administrator, if any). shall review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, file with the court a statement as to whether the debtor's case would be presumed to be an abuse under section 707(b).

*See* 11 U.S.C. § 704(b).

■ The significance of this provision has been thoroughly considered and determined in this district. See *In re Robertson*, 370 B.R. 804 (Bankr.D.Minn.2007). Construing the provision pursuant to the favored plain meaning rule, the court determined that § 704(b)(1)(A) requires the UST to timely file an unequivocal statement that a case is or is not presumptively an abuse under § 707(b). *Id.* The court explained:

Section 704(b)(1)(A) prescribes the groundwork and specifies the staging for a UST's motion for dismissal, in which the presumption of abuse may be invoked to make out a prima facie case. Its operative verbs are words of mandate—"shall"—which establishes its procedural prescriptions as essential prerequisites for any subsequent motion

The UST is to "review all materials filed by the debtor." In context—i.e., the densely-worded framework added by BAPCPA—it is amply clear that "filed" means filed with the court. There is no reference to materials to be obtained from the debtor or third-party sources

via formal discovery, informal exchange, or independent investigation. There is certainly no newly-created right in the UST to compel the production of documents or any other information from a debtor on an expedited basis, or to obtain them in any way other than those under generally-applicable law.

So, in doing the statutorily-mandated early evaluation of a case for the prospect of a presumption of abuse, the UST ultimately is relegated to relying on what the debtor "filed" in the case.

*Id.* at 809.

The court found no ambiguity within the simple language of § 704(b)(1)(A) regarding the determinative singular position required to be taken by the UST under the section. "The word 'whether' is dictionary-denoted as 'a function word ... to indicate ... (2) an indirect question involving alternatives ...; (3) alternative conditions or possibilities.'" *Id.* at 810, citing Philip Babcock Gove, ed., Webster's Third New International Dictionary of the English Language (unabridged ed.1993), at 2603. "As such, this requires an election between two specific representations, to be made right in the text of the UST's statement ... in an unequivocal fashion to the UST's estimation of the legal posture of the case in light of § 707(b)(2)." *Robertson*, 370 B.R. at 810.

Moreover, the court noted that § 704(b)(2) [1] requires any motion for dismissal based on a presumption of abuse to be filed within a limited period of time following the filing of the statement under § 704(b)(1). Therefore, "[i]t is undeniable that a motion that invokes the presumption

**1.** Section 704(b)(2) provides, in pertinent part: "The United States trustee (or bankruptcy administrator, if any) shall, not later than 30 days after the date of filing a statement under paragraph (1), either file a motion to dismiss or convert under section 707(b) or file a statement setting forth the reasons the United States trustee (or the bankruptcy administrator, if any) does not consider such a motion to be appropriate ..." *See* 11 U.S.C. § 704(b)(2).

can be made only if the UST has already, timely, put of record his unequivocal conclusion that the presumption lies in the case." *Id.* at 811. A different interpretation would negate the relationship between § 704(b)(1) and § 704(b)(2) and undermine the substantive deadlines imposed by the sections.

In its complete examination of this issue, the *Robertson* court also noted that the timeliness elements of § 704(b) are consistent with the policies sought to be engendered by BAPCPA. "The language of §§ 704(b)(1)-(2) tracks with a more general intent behind BAPCPA, to reduce delay in the fixing of rights and statuses during the course of bankruptcy cases, and in particular to expedite the basic determination of whether a party should be in bankruptcy at all." *Id.,* citing H.R.Rep. No. 109–31, pt. 1, 109th Cong., 1st Sess. (2005). "This is one instance, however, where the onus of acting quickly, clearly, and decisively falls on a party other than the debtor." *Robertson,* 370 B.R. at 811. "BAPCPA contained a number of ostensibly strict-compliance, zero-tolerance measures that weigh heavily on debtors in bankruptcy." *Id.,* (citations omitted). "This one happens to impact on a constituency that stands in opposition to a debtor." *Id.*

"There either is or is not a presumption of abuse, based on a detail-busy analysis of the debtor's monthly income, reduced by the expenses and secured debt payments and so forth, both general in nature and fussily pinpoint-specific, that are laid out in §§ 707(b)(2)(A)-(B)." *Robertson,* 370 B.R. at 810. "But the UST must state which one is the case, in his estimation." *Id.*

The decision in *Robertson,* though recent, has already garnered consideration and support within the Eighth Circuit and beyond. *See, e.g., In re Byrne,* 376 B.R. 700, 703 (Bankr.W.D.Ark.2007) ("In the absence of a timely filed statement under § 704(b)(1), the UST is precluded from filing a motion to dismiss based on a presumption of abuse, i.e., a § 707(b)(2) motion."); *In re Snyder,* 2007 WL 4533519 (Bankr.W.D.Ark.2007) ("The 10–day statement is a prerequisite for the UST to file a motion to dismiss or convert under § 707(b)(2) based on a presumption of abuse. There is no language in the code that allows the UST to file a statement that it is 'currently unable to determine whether the debtors' case would be presumed to be an abuse under Section 707(b) of the Bankruptcy Code;' the code requires a definitive statement as to whether a presumption of abuse exists."); *In re Perrotta,* 378 B.R. 434, 438 (Bankr.D.N.H. 2007) ("[F]ailure to timely file a statement of presumed abuse by the deadline in § 704(b)(1) results in the UST being unable to pursue dismissal of a case for presumed abuse under § 707(b)(1) and (2)."). *But see, In re Cadwallder,* 2007 WL 1864154 (Bankr.S.D.Tex.2007), (holding that because Congress did not specify consequences for failure to meet the § 704(b) deadlines that there would be none), citing *Barnhart v. Peabody Coal Co.,* 537 U.S. 149, 158–59, 123 S.Ct. 748, 154 L.Ed.2d 653 (2003).

The decision in *Robertson* is a careful and sound analysis with respect to the ten-day statement requirement; there is nothing to add to the discussion. Having failed to file a sufficient statement under section § 704(b)(1), the UST's motion for dismissal pursuant to § 707(b)(2) is time-barred and the motion to dismiss under that section must be denied as a matter of law. Accordingly, the Court need not address the related constitutional challenges raised by the debtor.

However, the UST's motion in this case purports to seek dismissal in the alternative under § 707(b)(3). "If the presumption does not arise, then there is no

basis for dismissal under § 707(b)(2)." *Byrne,* 376 B.R. at 704. "But the code permits the UST to seek dismissal in the alternative under § 707(b)(3) for reasons other than a presumed abuse." *Id.* "[N]othing in § 704(b) prevents the UST from filing a motion to dismiss under § 707(b)(3) where the burden of proof will rest on the UST." *Perrotta,* 378 B.R. at 438, citing *In re dePellegrini,* 365 B.R. 830, 831 (Bankr.S.D.Ohio 2007).

Section 707(b)(3) provides:

(3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider—

(A) whether the debtor filed the petition in bad faith; or

(B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

*See* 11 U.S.C. § 707(b)(3).

 "[W]here the presumption of abuse does not arise, the burden of proof is on the moving party to establish that the case was filed in bad faith or that the totality of the circumstances of a debtor's financial situation demonstrate abuse." *Perrotta,* 378 B.R. at 437, citing 11 U.S.C. § 707(b)(3). "Where no presumption of abuse arises, the thirty-day deadline in § 704(b)(2) does not apply to the UST ... [r]ather, the general deadline for filing a motion to dismiss in Federal Rule of Bankruptcy Procedure 1017(e) is applicable." *Perrotta,* 378 B.R. at 438, citing *In re dePellegrini,* 365 B.R. at 831.

"According to Federal Rule of Bankruptcy Procedure 1017(e)(1), a motion to dismiss a case for abuse may be filed only within 60 days of the first date set for the meeting of creditors." *Byrne,* 376 B.R. at 704. Rule 1017(e)(1) provides:

(e) Dismissal of an individual debtor's chapter 7 case for substantial abuse—

The court may dismiss an individual debtor's case for substantial abuse under § 707(b) only on motion by the United States trustee or on the court's own motion and after a hearing on notice to the debtor, the trustee, the United States trustee, and any other entities as the court directs.

(1) A motion to dismiss a case for substantial abuse may be filed by the United States trustee only within 60 days after the first date set for the meeting of creditors under § 341(a), unless, on request filed by the United States trustee before the time has expired, the court for cause extends the time for filing the motion to dismiss. The United States trustee shall set forth in the motion all matters to be submitted to the court for its consideration at the hearing.

*See* Fed. R. Bankr.P. 1017(e)(1).

 In this case, the first date set for the meeting of creditors was July 2, 2007. The present motion was filed on August 13, 2007, well within the sixty days. Nevertheless, the motion is critically deficient with respect to seeking dismissal pursuant to § 707(b)(3). First, the initial notice of hearing on the motion addressed only §§ 707(b)(1) and (b)(2) and expressed reliance exclusively upon a presumption of abuse: "The United States Trustee has filed a motion to dismiss the above-captioned case under 11 U.S.C. § 707(b)(1),

based on the presumption of abuse under 11 U.S.C. § 707(b)(2)."[2]

While the motion itself identified the § 707(b)(3) claim in its caption as an alternative basis for dismissal,[3] of the forty-five paragraphs in the motion, the first forty-three addressed the motion based on the presumption under §§ 707(b)(1) and (b)(2). The additional six page memorandum of law filed in support of the motion contains no discussion of § 707(b)(3), neither a synthesis of applicable law nor an analysis of § 707(b)(3) to the established or contested facts material to Ansar's case. Moreover, the UST cited directly to Rule 1017(e)(1), acknowledging the requirement to "set forth in the motion all matters to be submitted to the court for its consideration at the hearing," yet thereafter summarized only matters related to determination of proper expense amounts under § 707(b)(2) means test analysis.

Much the same as in *Robertson,* here the UST has framed the present motion as arising essentially only under § 707(b)(2). "[A]ll of the analysis spun out at length in the motion's text was premised on § 707(b)(2) alone." *Robertson,* 370 B.R. at 811, n. 11. "There was no mention of the alternate statutory basis for dismissal, 11 U.S.C. § 707(b)(3), until" the last moment of the motion. *Id.* While briefly noting that a "cursory" review of Ansar's schedules demonstrated expenses either inflated, unreasonable or unnecessary, the mention finally made of a cause of action under

§ 707(b)(3) was nevertheless exceedingly summary:

"Alternatively, if the Court finds that the presumption of abuse under § 707(b)(2) does not arise, or if the Debtor successfully rebuts the presumption of abuse, the United States Trustee requests that the Court grant this motion under § 707(b)(3) based on the totality of the Debtor's circumstances. The United States Trustee explicitly reserves the right to supplement the record and establish that the Totality of Circumstances warrant a dismissal of the case, as provided for under § 707(b)(3). The U.S. Trustee will, if appropriate, file a supplement to this motion to establish cause based on the Totality of Circumstances."

Rule 1017(e)(1) does not contemplate cursory contentions and speculative conclusions. Indeed, the need to reserve a right to supplement a record later to plead and establish the elements central to a claim is contrary to the purpose of a motion and notice of motion and its supporting documents and briefs. The motion's two final paragraphs raising § 707(b)(3) constitute mere afterthought pleadings, and the entire omission of the subject from the memorandum of law further undermines the viability of the totality of the circumstances argument. As in *Robertson,* "this motion does not implicate § 707(b)(3) on its merits, and the motion can be disposed of in its entirety on the

---

**2.** In a notice of continued hearing on the same motion, however, the caption provided "NOTICE OF CONTINUED HEARING ON U.S. TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE" and the text indicated "PLEASE TAKE NOTICE that the United States Trustee's Motion to Dismiss under 11 U.S.C. § 707(b)(1), based on the presumption of abuse under 11 U.S.C. § 707(b)(2), or alternatively, under § 707(b)(3), based on the to-

tality of circumstances, has been continued . . ."

**3.** The caption provided "UNITED STATES TRUSTEE'S NOTICE OF HEARING AND MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)(1) BASED ON THE PRESUMPTION OF ABUSE UNDER § 707(b)(2), OR ALTERNATIVELY, UNDER § 707(b)(3) BASED ON THE TOTALITY OF CIRCUMSTANCES."

ruling just made." *Robertson,* 370 B.R. at 811.

### III. DISPOSITION

IT IS HEREBY ORDERED.

1. The United States Trustee's motion for dismissal of this case pursuant to 11 U.S.C. § 707(b) is DENIED.